UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FLEMING COMPANIES, INC., et al., | Chapter 11 (jointly administered)<br>Case No. 03-10945 (MFW) |
| PCT,<br><br>    Plaintiff,<br><br>v.<br><br>ALOHA STATE BROKERAGE, INC.,<br><br>    Defendant. | Adv. Pro. No. 05-76823 (PBL) |

**MOTION FOR WITHDRAWAL OF REFERENCE**

**COMES NOW** Defendant ALOHA STATE BROKERAGE, INC., and moves for Withdrawal of Reference of this Adversary Proceeding from the Bankruptcy Court back to the District Court for the District of Delaware.

This Motion is made pursuant to 28 U.S.C. § 157(d), Fed. R. Bankr. Pro. Rule 5011(a), and Local Bankruptcy Rule 5001-1. This Motion is supported by the Memorandum and Declaration of Counsel, filed concurrently herewith, and the complete records and files herein.

**FACTS RELEVANT TO MOTION**

Plaintiff PCT commenced this action by filing a Complaint (D.I. No. 1) which alleges:

Count I – Avoidance of Preferential Transfers (11 U.S.C. § 547).

Count II – To Avoid Fraudulent Transfers (11 U.S.C. §§ 544(b) and 548).

Count III – Breach of Contract Related to Deductions Owed.

Count IV – To Avoid Fraudulent Transfers (11 U.S.C. §§ 544(b), 548 and 549).

Count V – for Recovery of Property (11 U.S.C. § 550).

Count VI – Turnover of Estate Property Related to Deductions Owed (11 U.S.C. § 542(b)).

  Count VII – Unjust Enrichment – Net Pre-Petition and Post-Petition Debit Balances.

  Count VIII – Disallowance of Claim (11 U.S.C. § 502(d)).

The Complaint, even though it contains claims for "breach of contract" and "unjust enrichment" – claims which clearly do not arise under the bankruptcy code – states that "4. This action is a core proceeding … ." Thus, it does not contain the required statement that the pleader consents to entry of final orders or judgment by the bankruptcy judge as required by Fed. R. Bankr. Pro. 7008(a).

Defendant timely filed an Answer (D.I. No. 9), and therein denies the substantive allegations of Plaintiff and denies that the matter is a core proceeding (¶ 4). Concurrently with the filing of the Answer, Defendant filed a Demand for Jury Trial (D.I. No. 11).

Defendant's Answer does not contain an expression of consent to final determinations by the Bankruptcy Court, as the Complaint did not contain an expression of consent. See: Answer (D.I. No. 9).

Defendant has not filed a proof of claim in the underlying bankruptcy case and therefore has not waived its rights to trial by jury.

Defendant now moves for withdrawal of reference by the District Court.

### ARGUMENTS AT LAW

**(i) STATUTORY BASIS FOR MOTION TO WITHDRAW REFERENCE TO THE DISTRICT COURT**

Under 28 U.S.C. § 1334(a), bankruptcy jurisdiction is vested in the District Court. U.S. Code, Title 28 also provides that the District Court may refer bankruptcy cases to the bankruptcy court. Specifically, 28 U.S.C. § 157(a) provides that:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

Although neither the Bankruptcy Code nor the Rules require that the District Court refer cases to the bankruptcy court, District Court rules or orders generally provide for such a reference. General Order, Dist. Delaware, dated September 6, 2001.

If a party believes that a particular case or proceeding should be heard by the District Court, 28 U.S.C. § 157(d) provides the authority, under certain circumstances, for the District Court to withdraw the reference of the case or a proceeding:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  See also; *In re Blackwell ex rel. Estate of I.G. Servs.*, 279 B.R. 818 (Bankr. W.D. Tex. 2002) (statute and rules contemplate that the party who desires withdrawal must affirmatively seek it by motion).

The Local Rules of the Delaware Bankruptcy Court provides:

**Rule 5011-1 Motions for Withdrawal of Reference from Bankruptcy Court.**

A motion to withdraw the reference of a matter or proceeding shall be filed with the Clerk. The movant shall concurrently file with the Clerk a motion for a determination by the Bankruptcy Court with respect to whether the matter or proceeding is core or non-core. All briefing shall be governed by the District Court Rules.

**(ii)     BANKRUPTCY RULES REQUIRE EXPRESS CONSENT TO THE ENTRY OF FINAL ORDERS OR JUDGMENTS BY THE BANKRUPTCY COURT**

As noted in the facts stated above, Plaintiff's Complaint – even in the face of pure common law claims for breach of contract and unjust enrichment – fails to plead that the action includes non-core matters, and fails to include the required  statement of consent to entry of final orders or judgments by the bankruptcy court.  Fed. R. Bankr. Pro. Rule 7008(a).

As a result of this omission, Defendant omitted an expression of consent to such entry by the bankruptcy judge as required by Fed. R. Bankr. Pro. Rule 7012((b).  However, the absence of an expression of consent does not constitute consent or waiver of consent.

Fed. R. Bankr. Pro., Rule 7012(b) requires express consent.[1]  Thus, the failure of the pleader to state that it consents to entry of a final order or judgment by the bankruptcy judge does not constitute the express consent required by the rule.  See, e.g., *In re Brickell Inv. Corp.*, 922 F.2d 696, 701 (11th Cir. 1991).  *See also* Advisory Committee Note to the 1987 Amendment to Rule 7008 ("[f]ailure to include the statement of consent does not constitute consent. Only express consent in the pleadings or otherwise is effective to authorize entry of a final order or judgment by the bankruptcy judge in a non-core proceeding.")

Thus, Defendant has not so consented, and does not consent at this time.  See: Declaration of Counsel, filed concurrently herewith.

**(iii)    CAUSE FOR PERMISSIVE WITHDRAWAL OF REFERENCE IS FOUND WHERE THERE IS A RIGHT TO A TRIAL BY JURY AND THE PARTIES DO NOT CONSENT TO TRIAL BEFORE THE BANKRUPTCY COURT**

Section 157(d) of title 28 provides for discretionary withdrawal of reference upon a showing of cause.  In determining whether cause exists for permissive withdrawal, the court first examines whether the matter is core or non-core.  Failure to address this distinction in the motion has been held to constitute a failure of cause. *In re East Hill Mfg. Corp.*, 200 B.R. 535, 537 (D. Vt. 1996).

Here, pursuant to Local Bankruptcy Rule 5011-1 (supra), a Motion for Determination of Core / Non-Core is filed concurrently herewith, and incorporated by reference herein.

---

[1] "… In non-core proceedings final orders and judgments shall not be entered on the bankruptcy judge's order except with the express consent of the parties."  Fed. R. Bankr. Pro., Rule 7012(b).

4

After the court makes this determination, it will examine numerous factors, including whether withdrawal (1) will promote uniformity of bankruptcy administration; (2) will reduce forum shopping and confusion; (3) will foster the economical use of debtors' and creditors' resources; (4) will expedite the bankruptcy process; and (5) whether a right to jury trial, triable only in the district court, exists.  *In re Burger Boys, Inc.* 94 F.3d 755, 762 (2d Cir. 1996); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1100-01 (2d Cir. 1993);  *American Motor Club, Inc. v. Neu (In re American Motor Club, Inc.)* 155 B.R. 49 (Bankr. E.D. N.Y. 1993).

Generally, **if there is a right to jury trial but the parties do not consent to jury trial before the bankruptcy court, cause exists**.  See, e.g., *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095 (2d Cir. 1993); *Helmer v. Murray (In re Murray)*, 149 B.R. 383 (E.D. Va. 1993).

Here, Defendant ALOHA STATE BROKERAGE, INC., has demonstrated that this matter involves non-core matters (concurrent motion), has demanded trial by jury (Demand, docket item 11), and has not consented to a final determination by the Bankruptcy Court (Answer, docket item 9).  Therefore, withdrawal of reference is appropriate.

Because no novel issue of law or fact is raised, Aloha requests the requirement of formal briefing pursuant to Local Rule 7.1.2 be waived.

## CONCLUSION

WHEREFORE, based upon the foregoing, Defendant ALOHA STATE BROKERAGE, INC., hereby prays that the District Court withdraw reference of this matter from the Bankruptcy Court.

5

Dated: June 1, 2005            ELZUFON AUSTON REARDON
    Wilmington, Delaware     TARLOV & MONDELL, P.A.


*/s/ Charles J. Brown, III*
Charles J. Brown, III (DE 3368)
Suite 1700, P.O. Box 1630
Wilmington, Delaware 19899-1630
Tel: (302) 428-3181
Fax: (302) 428-3180
E-Mail: cbrown@elzufon.com

 -and-


Dated: June 1, 2005
    Honolulu, Hawaii

Signed Electronically – CM/ECF use only.

Bradley R. Tamm (Haw. JD 7841)
Bradley R. Tamm, A Law Corporation
828 Fort Street Mall, Suite 330
Honolulu, Hawai'i 96813
Tel: 808-524-4949
Fax: 808-524-4844
E-Mail: btamm@hawaii.rr.com
Attorneys for Aloha State Brokerage, Inc.