IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLEMING COMPANIES, INC., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| PCT,[2] | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Adversary Proceeding No. 05-76823 (PBL) |
| | ) | |
| ALOHA STATE BROKERAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | Re: Docket Nos. 15 and 16 |
| | ) | |

**PCT'S OPPOSITION TO DEFENDANT ALOHA STATE
BROKERAGE, INC.'S MOTION FOR WITHDRAWAL OF REFERENCE**

PEPPER HAMILTON LLP
David Fournier (DE 2812)
Wilmer C. Bettinger (DE 359)
Adam Hiller (DE 4105)
Hercules Plaza, Suite 5100
1313 Market Street
Post Office Box 1709
Wilmington, Delaware 19899-1709
Telephone:  (302) 777-6500
Facsimile (302) 421-8390

KIRKLAND & ELLIS LLP
Eric Liebeler (CA Bar No. 149504)
F. Wade Ackerman (CA Bar No. 234747)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

*Co-Counsel for Plaintiff PCT*

---

[1] The former Debtors whose cases are still open are:  Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

[2] PCT is a trust created pursuant to the Debtors' Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code (the "Plan"), and the Post-Confirmation Trust Agreement dated August 19, 2004.

TABLE OF CONTENTS

Page No.

NATURE AND STAGE OF PROCEEDINGS ................................................................................2

STATEMENT OF FACTS ..............................................................................................................2

ANALYSIS........................................................................................................................................3

CONCLUSION..................................................................................................................................5

## TABLE OF AUTHORITIES

Page No.

**Federal Cases**

*Growe v. Bilodard*,
  No. 03-10048, 2005 WL 1177718 (D. Me. May 19, 2005) ................................................. 3

*In re American Capital Equip.*,
  2005 WL 1242351 .............................................................................................................. 4, 5

**State Cases**

11 U.S.C. § 542(b) .................................................................................................................... 2

11 U.S.C. § 547 ......................................................................................................................... 2

11 U.S.C. 502(d) ....................................................................................................................... 3

28 U.S.C. 157(b)(2) .................................................................................................................. 4

-2-

## NATURE AND STAGE OF PROCEEDINGS

1. The PCT sued Aloha State Brokerage, Inc. to avoid preferential and fraudulent transfers, to recover damages for deductions owed, and to disallow certain of Aloha State's claims. Aloha State Brokerage moved to withdraw the reference to the Bankruptcy Court, arguing that (i) this matter involves non-core issues, (ii) it has requested a trial by jury, and (iii) it does not consent to a jury trial in the bankruptcy court. At the same time, Aloha State also moved for a determination of core/non-core status. The latter brief is addressed in a separate opposition. This brief addresses Aloha State's motion to withdraw the reference.

2. In this opposition, the PCT shows that no good cause exists for this case to be sent to the District Court now. Instead, this case should proceed before this Court, along with the other cases in which defendants have requested a jury trial, until this case is actually ready for trial. Keeping this case before the Bankruptcy Court for now will maximize judicial economy, increase the likelihood of uniformity in bankruptcy administration, and lead to a more economical use of the Debtors' resources. Only when it is ready for trial should this case be transferred to the District Court.

## STATEMENT OF FACTS

3. The PCT's complaint against Aloha State asserts causes of action: (i) to avoid and recover preferential transfers pursuant to the Bankruptcy Code section 547; (ii) to recover damages arising from Defendant's breach of a contract between Debtors and Defendant by Defendant's failure to return to Debtors, or credit Debtors, certain post-petition deductions owed by Defendant to Debtors; (iii) to avoid and recover fraudulent transfers; (iv) to compel turnover of estate property consisting of deductions owed pursuant to Bankruptcy Code section 542(b); (v) to recover damages for unjust enrichment arising from the net post-petition balances of deductions owed by the Defendant; and (vi) to disallow any claims of Defendant pursuant to

Bankruptcy Code section 502(d).³  On June 1, 2005, Aloha State moved to withdraw the reference to the bankruptcy court, along with a Motion for Determination Whether Proceeding Is Core or Non-Core Status (D.I. 16).  The parties subsequently stipulated to extend the PCT's time to respond to Aloha State's motion, pending on-going discussions between the parties.

   4.  On June 10, 2005, this Court entered a scheduling order, which outlines procedures for cases in which defendants demanded jury trial.  The scheduling order allows these cases to proceed before the Bankruptcy Court through discovery and mediation, until a defendant again moves to withdraw the reference.  Scheduling Order at ¶ 1.B(7).

## ANALYSIS

   5.  Aloha State may be entitled to a jury trial in this case.  Yet a jury demand does not create a right to immediate withdrawal of the reference.  *See Growe v. Bilodard*, No. 03-10048, 2005 WL 1177718 at *3-5 (D. Me. May 19, 2005) ("As courts have recognized, the possibility that a jury trial might be held at some point in the future does not warrant immediate withdrawal during the pre-trial stages of the case.").⁴  Instead, the Court has discretion to consider whether withdrawing the reference now is appropriate under the existing circumstances.  *See id*. at *3.

   6.  Here, Aloha State fails to identify any existing circumstance that favors immediately withdrawing the reference.  It offers no rationale, of any sort, for why its case

---

³ In its opposition to Aloha State's Core/Non-Core Motion, the PCT also seeks leave from the Court to amend its complaint to drop the deductions-related claims (Counts 3, 4, 6 and 7).  Aloha State presently refuses to stipulate to allow the PCT to drop these claims.  With the deduction-related claims dropped, this adversary proceeding involves indisputably core claims.

⁴ Pursuant to D. Del. L.R. 7.1.3.(a)(G), a copy of this case is attached hereto as Exhibit A.

-3-

should be immediately transferred to the District Court. Obviously, contrary to Aloha State's request, this case can proceed most efficiently before this Court until it is ready for trial.

7.   As the Court knows, the PCT filed more than three thousand adversary proceedings. Of those pending before this Court, approximately 150 demanded jury trials. The Court's scheduling order (entered June 10, 2005) allows the defendants in these cases to move to withdraw the reference to the bankruptcy court later in the proceedings, after discovery and mediation. Scheduling Order at ¶ 1.B(7).

8.   Allowing cases in which a jury trial has been demanded to proceed before this Court maximizes judicial economy. This Court is familiar with the PCT's adversary proceedings and the Debtors' bankruptcy. This Court will no doubt adjudicate several issues, including discovery disputes, requests for protective order, etc., on a global basis that will affect all similar-situation adversary proceedings. Already, this Court has entered global orders, for example, extending the time period to perfect service. *See In re American Capital Equip.*, 2005 WL 1242351 at *6 (denying immediate withdrawal on grounds of jury demand when the bankruptcy court possessed familiarity with the facts surrounding the adversary proceeding) (citing *In re Pruitt*, 910 F.2d 1160, 1168 (3rd Cir. 1990)).[5] This case is no different: the issues to be determined in the present case are, by and large, the same as in the other cases before the Court (as explained in the PCT's Opposition to Aloha State's Motion For Determination of Core/Non-Core Status; PCT's Motion for Leave to Amend its Complaint, all of the relief the PCT now seeks in this adversary proceeding, involves unquestionable "core" proceedings under 28 U.S.C. 157(b)(2)).

---

[5] Pursuant to D. Del. L.R. 7.1.3.(a)(G), a copy of this case is attached hereto as Exhibit B.

9. Similarly, the Court should also consider that immediately withdrawing the reference will make it more difficult and expensive for the PCT to proceed with this case. *See, e.g., In re American Capital Equip.*, 2005 WL 1242351 at *6 (identifying inefficient use of debtor's resources as relevant factor). It will be substantially more efficient for the PCT to have this case remain with the Bankruptcy Court, on a schedule and under procedures that apply to a large number of cases, rather than proceed on its own calendar before the District Court.

10. In sum, the vast majority of other defendants who have asked for jury trials have not filed premature motions for withdrawal and will proceed to discovery and mediation under the scheduling order. Aloha State offers no reason for why its case should be treated differently. The efficiencies of allowing this case to proceed before this Court through discovery and mediation are obvious. Therefore, this proceeding too should remain on track with the thousands of other proceedings filed by the PCT, at least until the Court certifies this adversary proceeding as ready for trial, after discovery and mediation.

## CONCLUSION

WHEREFORE, the PCT respectfully requests that Aloha State's Motion be denied at the present time. The PCT requests that the Court direct this case to proceed pursuant to the scheduling order, allowing Aloha State to renew its request only after the commencement of discovery and attempt at mediation.

Dated: June 28, 2005          PEPPER HAMILTON LLP
       Wilmington, Delaware

                              /s/ Adam Hiller
                              David M. Fournier (DE No. 2812)
                              Wilmer C. Bettinger (DE No. 359)
                              Adam Hiller (DE No. 4105)
                              Hercules Plaza, Suite 5100
                              1313 North Market Street
                              Wilmington, Delaware 19801
                              Telephone: (302) 777-6500
                              Facsimile: (302) 421-8390

-5-

- and -

KIRKLAND & ELLIS LLP
Eric Liebeler (CA Bar No. 149504)
F. Wade Ackerman (CA Bar No. 234747)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

*Counsel for Plaintiff PCT*